THE NORTH CHICAGO STREET RAILROAD COMPANY

*v.*

M. L. WISWELL.

*Opinion filed November 8, 1897.*

| 168 | 613 |
|---|---|
| 75a | 151 |
| 75a | 165 |
| 168 | 613 |
| 175 | 639 |
| 77a | 439 |
| 78a | 525 |
| 168 | 613 |
| 85a | 318 |
| 168 | 613 |
| 186 | ³248 |
| 168 | 613 |
| 187 | ³615 |
| 168 | 613 |
| 101a | ³187 |
| 168 | 613 |
| 200 | ³461 |
| 168 | 613 |
| 211 | ³370 |
| 168 | 613 |
| 113a | ³504 |
| 168 | 613 |
| 215 | ³293 |

1. TRIAL—*instruction to find for defendant must be refused where the evidence tends to prove plaintiff's case.* An instruction to find for the defendant should be refused where, at the close of the plaintiff's testimony, there is evidence tending to establish the facts averred in his declaration.

2. NEGLIGENCE—*degree of care is a question of fact.* In an action for personal injuries the question whether the plaintiff used due care for his safety is one of fact for the jury, where there is evidence tending to establish that fact.

3. SAME—*not negligence per se to board moving street car propelled by cable.* The rule that it is not negligence *per se* for a passenger to get on or off a moving street car propelled by horses or electricity applies as well to street cars whose motive power is a cable.

*North Chicago Street R. R. Co.* v. *Wiswell,* 68 Ill. App. 443, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

This was an action brought by appellee, against appellant, to recover damages for personal injuries alleged to have been sustained by him from a fall received while attempting to board one of appellant's cars as a passenger on Clark street, at its intersection with Chestnut street, in the city of Chicago. The declaration charges, that while the plaintiff sought to become a passenger, and while in full view of the conductor of the car, he caught hold of a brace on the rear end of the car and placed his foot on the step for the purpose of entering, and in doing so exercised all due care and caution, and that the car was carelessly and negligently started up, whereupon he was thrown to the ground, receiving the injuries complained of. A jury in the trial court rendered

a verdict in favor of the plaintiff and assessed his damages at $5000, on which judgment was entered, and on appeal to the Appellate Court for the First District $2500 of this judgment was affirmed, conditioned that within ten days appellee should remit the residue. This being done, this cause comes to this court on appeal by the defendant below.

EGBERT JAMIESON, and JOHN A. ROSE, for appellant.

JAMES B. MCCRACKEN, and ALBERT M. CROSS, for appellee.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

It is urged by appellant that this judgment should have been reversed on account of an alleged error of the circuit court in refusing to give to the jury an instruction to find the defendant not guilty. We have frequently said, and it seems almost unnecessary to repeat it or to cite authorities, that where, at the close of the plaintiff's case, there is evidence tending to prove the facts alleged in the declaration, it is not error for the trial court to refuse an instruction of this character and to submit the case to a jury. *Cicero and Proviso Street Railway Co.* v. *Meixner,* 160 Ill. 320; *Pullman Palace Car Co.* v. *Laack,* 143 id. 242; *Lake Shore and Michigan Southern Railway Co.* v. *Richards,* 152 id. 59; *Wenona Coal Co.* v. *Holmquist,* id. 581; *Purdy* v. *Hall,* 134 id. 298; *Chicago and Northwestern Railway Co.* v. *Dunleavy,* 129 id. 132; *Bartelott* v. *International Bank,* 119 id. 259; *Simmons* v. *Chicago and Tomah Railroad Co.* 110 id. 340.

While the evidence presented in this record is conflicting, still, there was not only evidence tending to establish the fact alleged in plaintiff's declaration, but there was an apparent preponderance of such evidence. It is not necessary to discuss the testimony of the various witnesses, which would accomplish no good purpose but would in the end lead us to the same conclusion as be-

fore expressed. Appellant was operating its street railroad by cable power. In the case of *Cicero and Proviso Street Railway Co.* v. *Meixner*, 160 Ill. 320, we discussed fully the distinction between steam railroads and those propelled by horse power and those whose motive power was electricity, and in that case we held that it was not negligence *per se* for one to get on or off a moving street car. The rule applied to street cars whose motive power is electricity must, on principle, be applied to those whose motive power is cable. *Sahlgaard* v. *St. Paul City Railway Co.* 48 Minn. 232.

The question as to whether or not appellee was in the exercise of due care and caution for his own safety is one of fact for the jury, where there was evidence tending to show that he was in the exercise of due care and caution. In the case of *Cicero Street Railway Co.* v. *Meixner, supra*, we said (p. 326): "In large and populous cities, where cars are constantly receiving and discharging passengers at crossings, it is a well-known fact that many of such passengers board cars and alight therefrom before such cars have come to a full stop, and that they do so usually with perfect safety. It is well known, also, that street car companies tacitly invite many passengers to board and alight from their cars by checking up to a slow rate of speed and immediately starting up at a greater speed when the passenger is safely aboard or has alighted. It would be impossible for a court to lay down the rule as to what particular rate of speed would be sufficient notice to a passenger that if he attempted to get on or off he would be held guilty of contributory negligence. It would also be a great hardship, and unjust, to lay down a general rule that a passenger attempting to board a street car while in motion at all should be held in contributory negligence."

Complaint is made of the refusal of the court to give certain instructions to the jury, asked by appellant. We have carefully examined these instructions, together with

all other instructions offered in the case.    There were twenty-seven instructions asked by appellant, of which fourteen were given, and an examination of these instructions convinces us the jury were fully instructed as to the law of the case, and that the giving or refusing of the instructions complained of could not in any way have affected their verdict.    The points embraced in these instructions were in various other instructions presented to the jury.

Perceiving no error in this record the judgment of the Appellate Court is affirmed.                 *Judgment affirmed.*