Missouri Malleable Iron Co. v. Hoover.

GIBSON & JOHNSON, attorneys for plaintiff in error.

FITHIAN, DAVIDSON & KASSERMAN, T. J. FITHIAN and I. D. SHAMHART, attorneys for defendants in error.

---

77 437<br/>179s 107

## Missouri Malleable Iron Co. v. Mollie Hoover, Adm'x.

1. INSTRUCTIONS—*To Find for Defendant, When.*—Where, at the close of plaintiff's case, there is evidence tending to prove the facts alleged in the declaration, it is not error for the trial court to refuse an instruction to find for the defendant and submit the case to the jury.

Trespass on the Case,—Death from negligent act. Trial in the City Court of East St. Louis; the Hon. BENJAMIN H. CANBY, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the February term, 1898. Affirmed. Opinion filed August 31, 1898.

### STATEMENT.

This action was brought by appellee to recover damages of appellant for negligently causing the death of her intes-

tate, who was twenty-two years of age and was a grinder in the employ of appellant, a large company engaged in the manufacture of iron castings, machinery and railroad supplies. Deceased was killed by the bursting of an emery wheel, which he was using in polishing castings. The grounds of negligence complained of were defective machinery, and running the emery wheel at a high and dangerous rate of speed, without the knowledge of deceased.

Appellant had been using emery wheels of a certain make, the bore of which fitted the shaft or arbor, on which the wheels were hung, but having exhausted its supply and being hurried with work, it purchased at St. Louis a wheel of different manufacture, the bore of which was three thirty-seconds of an inch larger than the shaft on which it was placed. It was the business of the foreman of the establishment, who was a machinist, to hang and adjust the wheel on the shaft, and in doing so he wrapped two thicknesses of pasteboard around the shaft, and shoved the wheel on over them, deceased aiding him in his work. A short time after the wheel was started, and when running at high speed, it burst and injured the deceased, who, in consequence, died a few hours thereafter. Plaintiff recovered a verdict and judgment for $1,500, from which defendant has appealed.

POLLARD & WERNER, attorneys for appellant.

JESSE M. FREELS and M. MILLARD, attorneys for appellee.

MR. JUSTICE BIGELOW delivered the opinion of the court.

Although several errors are assigned, only one is relied upon, and that is, the refusal of the court to instruct the jury to find for the defendant.

In the case of Illinois Steel Co. v. Schymanowski, 162 Ill. 447, the court said: "We have often said that where there is evidence tending to establish a cause of action, it is not error to refuse a peremptory instruction to find for the defendant."

Sometimes the court has seemed to enlarge the rule as above stated, but a careful examination of the cases from which this inference is drawn will show that the court has perhaps said more in particular cases than was necessary, without modifying the rule itself.

In the late case of North Chicago Street Railway Co. v. Wiswell, 168 Ill. 613, the court said: "We have frequently said, and it seems almost unnecessary to repeat it, or to cite authorities, that where, at the close of plaintiff's case, there is evidence tending to prove the facts alleged in the declaration, it is not error for the trial court to refuse an instruction of this character and to submit the case to the jury. Cicero and Proviso Street Railway Co. v. Meixner, 160 Ill. 320; Pullman Palace Car Co. v. Laack, 143 Id. 242; Lake Shore & Michigan Southern Railway Co. v. Richards, 152 Id. 59; Wenona Coal Co. v. Holmquist, Id. 581; Purdy v. Hall, 134 Id. 298; Chicago & Northwestern Railway Co. v. Dunleavy, 129 Id. 132; Bartelott v. International Bank, 119 Id. 259; Simmons v. Chicago and Tomah Railroad Co., 110 Id. 340."

The principal point relied upon by the plaintiff as a ground for recovery, was that the bore through the emery wheel was too large for the shaft or arbor, and that it was imperfectly bushed, and for this reason the wheel was at no time safe to be run.

To meet and overcome this theory, several witnesses on the part of appellant testified that the size of the bore was immaterial, and the only necessity for bushing it was to set the wheel true on the shaft or arbor, and once it was properly set, the shoulder on one side of the wheel and the clamp on the other side would hold it in place, even though the wheel were not bushed at all.

Appellant's general superintendent and its superintendent of the machinery department so testified, and they were followed by a number of so-called experts, who testified to the same effect; on the other hand several witnesses testified to the opposite; hence it became a question for the jury to decide, and we are unable to say they made a mistake.

Appellant endeavored to show that the deceased was himself a superintendent of the grinding department, and since he helped the superintendent of machinery adjust the wheel on the shaft it was his own fault if the job was imperfectly done, and he was guilty of such contributory negligence as would prevent a recovery. This also was a question of fact for the jury, and we think their decision right.

There was evidence from which the jury might infer that deceased was in the exercise of ordinary care.

The jury, at the request of appellant, were fully instructed as to the duty of a master to furnish his servant with safe and proper machinery and appliances and to keep the same in repair, and the jury having found the controverted questions of fact in favor of appellee, and the damages assessed being reasonable, there is no good reason for disturbing the judgment, and it is affirmed.