WARREN SPRINGER

*v*

FRED SCHULTZ.

*Opinion filed October 26, 1903—Rehearing denied December 4, 1903.*

1. NEW TRIAL—*when affidavits in support of motion for new trial are insufficient.* Affidavits in support of a motion for a new trial upon the ground of newly discovered evidence are insufficient, where they fail to show that such evidence is so material and conclusive that it will probably lead to a different result on new trial or that due diligence was used to discover and produce it at the trial.

2. PLEADING—*damages for permanent injury need not be declared for.* Damages may be recovered to the whole extent of the injury in a personal injury case, even though the declaration describes the injury generally, without pointing out its permanency.

*Springer* v. *Schultz,* 105 Ill. App. 544, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE W. PATTON, Judge, presiding.

O. W. DYNES, for appellant.

FRANCIS J. WOOLLEY, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This action was begun by Fred Schultz, who is appellee here, against Warren Springer, appellant, in the superior court of Cook county, to recover for an injury received by the fall of a passenger elevator in a six-story building owned by appellant, in the city of Chicago. The

declaration consists of a single count, the material allegation charging, in substance, that the defendant negligently and knowingly suffered the machinery connected with the elevator to be and remain in bad repair, and by his servant so negligently operated the same that it fell, by means of which the plaintiff was greatly injured and "suffered great pain, and will hereafter suffer great pain for the term of his life," etc.

From the evidence it appeared that appellee, on the 24th day of October, 1899, was working for one of the tenants in that building, and while he was riding down on the elevator as a passenger, the car became disconnected from the cable supporting it and dropped six stories, to the basement. The appellee was seriously bruised on the head and back, and the evidence showed that the spine, brain and eyes had suffered material and more or less permanent injury.

The jury found the defendant guilty as charged in the declaration, and rendered a verdict for the plaintiff for $25,000 damages. Upon appeal to the Appellate Court by the defendant the judgment below was affirmed, but upon condition that the amount be reduced, by *remittitur*, to $15,000, which *remittitur* was duly entered by the plaintiff.

Upon this further appeal to reverse the judgment of the Appellate Court, it is insisted; first, that the trial court erred in refusing to grant a new trial upon the ground of newly discovered evidence. In support of the motion for new trial three affidavits were filed by appellant, setting up facts which counsel claims would upon a new trial produce a different verdict. It is clear from all the evidence the defect in the machinery which was the primary cause of the accident was immediately above the car. At the top of the elevator, passing through a heavy cross-beam, was a shackle-bolt, the upper end or head of which was fan-shaped, containing four holes, through which the cables passed to support the elevator. On the lower end of this shackle-bolt was screwed a

205—10

large nut, which held it in place. · The nut had become unscrewed until it held by the last thread. At the time of the accident the weight of the elevator and the passengers therein was too heavy to be supported by the bottom thread on the shackle-bolt, and the nut pulled off, letting the elevator drop. The newly discovered evidence, as set forth in the motion for a new trial, was to the effect that one Ellis, the elevator operator, in conjunction with appellee, was experimenting with the elevator by way of testing the safety device at the time it fell. The safety device was in no way connected with the defective shackle-bolt which caused the accident. The alleged newly discovered evidence could not affect the issue. Certainly, it is not of so material and conclusive a character as to lead us to conclude that it would, if introduced on another trial, change the result. Furthermore, we think appellant failed to show reasonable diligence to discover and produce the so-called newly discovered evidence upon the trial. The affidavits presented in support of the motion were wholly insufficient, for both of the foregoing reasons, to entitle the defendant to a new trial on the ground of newly discovered evidence. *Plumb* v. *Campbell*, 129 Ill. 101; *Conlan* v. *Mead*, 172 id. 13.

Counter-affidavits to the motion for a new trial were offered by appellee, and it is strenuously urged that the court erred in considering these in denying the motion. This contention assumes that the counter-affidavits were received by the court, but the record shows that instead of receiving them the court expressly refused to permit them to be filed.

Objections are made to the introduction of evidence and the giving of certain instructions for plaintiff upon the theory that the injury sustained by appellee was permanent, it being contended that the declaration makes no claim that the injuries were permanent. The declaration clearly alleges that the plaintiff sustained a permanent injury, in that he will "hereafter suffer great pain

for the term of his life." But even if the declaration merely described the injury generally, without pointing out its seriousness or permanency, "the recovery may be to the whole extent of the injury." *City of Chicago* v. *Sheehan*, 113 Ill. 658; *Chicago City Railway Co.* v. *Hastings*, 136 id. 251.

The objections that the trial court erred in its rulings in the examination of certain of the jurors and in showing a prejudice against appellant throughout the trial; that there is a variance between the declaration and the proof; that improper evidence was heard and instructions improperly refused, have been carefully considered, but we find no substantial merit in either of them, and no good purpose would be served in discussing them in detail.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*