## George G. Pope v. Chicago City Railway Company.

### Gen. No. 11,071.

1.  STREET CAR—*getting upon, while in motion.*  In the absence of special circumstances it is error to instruct the jury that it is negligence *per se* for a passenger to get upon a street car while in motion. Held, in this case, that no such circumstances appear either by reason of the state of the pleadings or by the evidence introduced with respect thereto.

2.  STREET CAR—*getting upon, while in motion.*  It would be proper to instruct the jury to find the defendant not guilty if they should believe from the evidence that plaintiff was injured while getting upon a moving street car and that such act was the sole cause of his injury.

3.  WORDS AND PHRASES—*what, are synonymous.*  The words "and thereby" are synonymous with the phrase " in consequence thereof."

Action on the case for personal injuries.  Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903.  Reversed and remanded.  Opinion filed April 12, 1904.

CHARLES E. POPE, GEORGE W. WARVELLE and DELBERT A. CLITHERO, for appellant.

WILLIAM J. HYNES, SAMUEL S. PAGE and WATSON J. FERRY, for appellee; MASON B. STARRING, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

This was an action for personal injuries in which there was a verdict of not guilty, judgment on the verdict, and an appeal by plaintiff.

Plaintiff was a passenger on the Thirty-fifth street line of defendant, and received a transfer for a passage on the Cottage Grove avenue line.  He attempted to get upon a north-bound grip-car of defendant, on Cottage Grove avenue, a short distance north of Thirty-fifth street, and fell or was thrown upon the ground and injured.  The contention of the plaintiff was, that while the car was standing still, he got upon the running board of the grip-car, put one foot on the floor of the car and then the car started, with three successive jerks which threw him from the car

and injured him. The contention of the defendant was that the car was moving at the rate of four miles per hour when the plaintiff attempted to get upon it; that he seized the hand rail at the rear end of the grip-car and fell before either foot was put upon the running board, and that he touched no part of the car except the hand rail, and that with only one hand.

The contention that the trial court erred in denying plaintiff's motion for a new trial, on the ground that the verdict was against the evidence or not supported by sufficient evidence, cannot be sustained.

The first instruction given for the defendant was the following : " The court instructs you that if you believe, from the evidence, that the train in connection with which it is claimed plaintiff was injured had stopped at the north side of Thirty-fifth street, and started up therefrom before plaintiff attempted to step upon the grip-car thereof, and that while the same was in motion, the plaintiff attempted to board the same, and, in consequence thereof, received the alleged accident and injury, then the plaintiff cannot recover, and your verdict should be not guilty."

It has often been held by our Supreme Court and by this court that it is not negligence *per se*, and as a matter of law, for a passenger to get on a street car while it is in motion. North Chicago R. R. Co. v. Wiswell, 168 Ill. 613; South Chicago R. R. Co. v. Dufresne, 200 Ill. 456. It follows that in the absence of special circumstances which take the case out of the rule above stated, it would be error in an action against a street railroad company to instruct the jury that if they find that the plaintiff attempted to get upon the street car while in motion and in so doing received the injuries complained of, they must find the defendant not guilty. This rule of law is not controverted by counsel for appellee, but their contention is that the plaintiff and his witnesses testified that the car was standing still when he attempted to get upon it; that such evidence tended to prove only the first and fourth counts of the declaration, which charge that the car had been stopped

at the place where, etc., to receive plaintiff as a passenger, and while it was standing still and while plaintiff was attempting to board it, it was suddenly and violently started, etc.; that as there was no evidence given or offered in support of the other counts of the declaration there was an abandonment of those counts and in examining the instruction the declaration must be considered as containing only the first and fourth counts. Counsel then in effect argue that the declaration charged and the evidence on the part of the plaintiff tended to show that the car stopped at the place where, etc., to receive passengers; that while it was standing still and plaintiff was attempting to get upon it, it was suddenly started up, etc.; that the evidence for defendant tended to show that the car had made its stop at the usual place on the north side of Thirty-fifth street and had there taken on and let off passengers and then started on its way, and that after it had gone some distance, and attained half the usual speed, plaintiff attempted to board it, and was injured, and then say that the issue was not as to whether plaintiff was guilty of contributory negligence in attempting to board the train, but whether he attempted to board it while it was stationary or while it was in motion; that the allegation that the car was standing still when plaintiff attempted to get upon it was a material allegation of the first and fourth counts, a failure to prove which was fatal to his right to recover, and therefore the instruction was proper.

This contention cannot be sustained. There was no abandonment by the plaintiff of any count of the declaration. The second count does not state that the train was stopped or that the car was standing still when plaintiff attempted to board it but does allege that the defendant negligently and violently started the train with sudden jerks whereby, etc. This count and the sixth and seventh counts are counts charging the negligent running and management of the train without regard to whether the train was in motion or standing still when plaintiff attempted to get upon it.

The testimony of the plaintiff and of the witnesses called

by him tended to show that he lost his footing and his hold upon the stanchions, and fell by reason of the act of negligence of the defendant in suddenly and violently starting the car. The first instruction entirely ignored that question and directed the jury to find for the defendant, if they found that, while the grip-car " was in motion, the plaintiff attempted to board the same, and in consequence thereof received the alleged injury." In South Chicago City R. R. Co. v. Dufresne, *supra*, similar instructions were asked by the defendant and refused, and the judgment for the plaintiff was affirmed. The refused instructions are not set out in the report of that case but the record shows that in refused instruction 26 the words were " if the jury shall find from the evidence, that his (plaintiff's) injuries were caused by his attempting to board said cars while in motion, and by his missing his footing or his hold in so doing," defendant would not be liable, etc. In instruction 27, also refused, the words were, that if the jury found that plaintiff attempted to board defendant's car while it was in motion, " and in so doing missed his footing or hold and thereby was thrown to the ground and injured, then their verdict must be for the defendant." Doubtless the court might properly have instructed the jury that if they found from the evidence that the attempt of the plaintiff to get upon a car while it was in motion was the sole cause of his fall and injury, they should find the defendant not guilty, for the defendant could not be held liable if it had done nothing to cause the injury.

The contention that the first instruction in this case in effect only instructed the jury that if they found from the evidence that the injury to the plaintiff was caused and brought about solely and only by his attempt to get upon defendant's car while it was in motion, they should find the defendant not guilty, is disposed of by the case of South Chicago City R. R. Co. v. Dufresne, *supra*.

The words of instruction 26 in that case, that if plaintiff's " injuries *were caused* by his attempting to board a car while in motion the defendant is not liable," and the words of instruction 27 that if plaintiff attempted to board a car

while in motion " and in so doing missed his footing or hold, *and thereby* was thrown to the ground and injured, their verdict must be for the defendant," will quite as well bear the construction contended for, as will the words in the first instruction in this case, that if plaintiff attempted to board a car while it was in motion and " *in consequence thereof* received the alleged injury, then the plaintiff cannot recover and your verdict should be not guilty."

It was in our opinion error to give the first instruction, for which the judgment must be reversed and the cause remanded for a new trial.

*Reversed and remanded.*