# D. Andreas Von Stein, Appellee, v. Chicago City Railway Company, Appellant.

## Gen. No. 15,921.

1. VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the evidence where it is not clearly and manifestly against its weight.

2. TRIAL—*when remarks of court will not reverse.* Mere incidental and obscure remarks made by the court will not effect a reversal of a judgment.

3. INSTRUCTIONS—*when refusal of correct will not reverse.* The refusal of a correct instruction will not reverse if its contents are substantially contained in other instructions given.

4. INSTRUCTIONS—*when upon contributory negligence properly refused.* An instruction upon this subject is properly refused if it is likely to mislead the jury into the belief that it was an act of negligence *per se* for a person to attempt to alight from a moving street car.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the HON. WILLARD M. McEWEN, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed December 21, 1911.

GEORGE W. MILLER, for appellant.

WALTER A. BRENDECKE and PAUL C. SCHUSSMAN, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

October 20, 1907, at or near the intersection of South Chicago avenue and 73rd street in Chicago, the plaintiff, von Stein, was thrown off or fell off, or fell while alighting from, a car of the defendant corporation. He suffered serious injuries. On January 6, 1908, he brought suit in the Superior Court of Cook county against the Railway Company, claiming in the first count of an amended declaration thereafter filed (on

which the cause went to trial) that he was desirous of
alighting from the car and was in the act of leaving
the same, with the exercise of ordinary care, but the
defendant did not give him a reasonable time and op-
portunity to alight from said car, but carelessly and
negligently increased the speed of the car, and that as
the direct result of this, the plaintiff was thrown off the
car and injured.

In the second count the plaintiff alleges that while
he was, "with ordinary care and diligence," mounted
upon the forward platform of the moving car as a pas-
senger, the defendant "carelessly and negligently and
without a sufficient and reasonable warning to the
plaintiff, *jerked* said car and propelled the same for-
ward" with great speed, as a result of which the plain-
tiff was thrown or fell off and was injured. The plea
of the defendant was not guilty. The cause was sub-
mitted to a jury, who returned a verdict of $5,000 in
favor of the plaintiff and after a motion for a new trial
and a motion in arrest of judgment had been made and
overruled, the court entered judgment on the verdict.
From this judgment the defendant appealed to this
court. In this court it has made assignments of many
alleged errors, which cover the following points, on
which it relies and insists: (1) The verdict and judg-
ment thereon are contrary to the clear weight of the
evidence; (2) the trial court committed reversible error
in the refusal of an instruction asked by the defendant;
(3) the trial court committed reversible error by re-
marks made in the hearing of the jury; (4) the amount
of the verdict and judgment is excessive.

It would serve no good purpose for us to discuss
in this opinion the evidence on which must depend the
decision on the first and fourth of these positions. We
have reviewed it with care, and have not come to the
conclusion that we ought to set aside the action of the
jury and the court below, on the ground that the clear
weight of that evidence was inconsistent with the posi-

tion that the defendant company was liable, or that the damages were within reasonable limits.

It is always hard to estimate, in a contrariety of expert opinion, the extent and permanency of complicated and secondary results of an injury like this, but after a full consideration of all the evidence adduced by each party, we cannot see that our judgment on the subject of the damages would be more likely to be correct than that of the jury and the court below, and less still that we have warrant for saying that the decision arrived at by the jury was contrary to the clear and manifest weight of the evidence.

As to the question of liability itself, the same thing may properly be said. The testimony is contradictory, —not, we think, however, in such a way as to warrant the inference pressed in argument that the case of the plaintiff stands on his own story unsupported and contradicted by the three witnesses,—the conductor, the motorman and a passenger. It is one of those cases rather in which no two of the witnesses tell exactly the same story—one in which all that human intelligence can do is, on hearing and seeing the witnesses and weighing credibility and probability, to come to a conclusion on the facts which may be the best possible, but not the only possible one. It is in such a case to the intelligence of the jury to whom the facts are presented, rather than to ours, that the law appeals. While we have not only the right, but the duty, to weigh the evidence and, if the verdict is clearly and manifestly against the weight of the evidence, to set it aside, we are not justified in substituting our judgment for that of a jury on anything falling short of such a clear and manifest failure to reach the only conclusion warranted by the weight of the evidence.

After reading and rereading the record in this case, we are unable to say that it is clearly and manifestly against the weight of the evidence to find that the plaintiff was thrown from the car by a sudden increase of

speed or jerk of the car while he was in the act of preparing to alight, nor clearly and manifestly against the weight of the evidence to find that in this preparation to alight he was in the exercise of due care and diligence.

This leaves for our consideration only the two other points insisted on by the appellant as to the conduct of the trial—that the court below committed reversible error by making a certain remark in the presence of the jury, and by refusing a certain instruction asked for by the defendant.

The utterances of the court complained of it is argued might well have influenced the jury as to the amount of the damages.

We have carefully considered the elaborate argument on this point made by the appellant's counsel in his principal and reply briefs and in his oral argument to the court, but we are unable to agree with him as to the importance which he places upon the episode of which he complains. With the limitation on a proposed examination as to a classification and distribution of cases at the hospital, the court joined the incidental and almost obscure remark, "There is no limit on germs, or what they will do when they get to you," and in repeating his ruling that "how hospitals classify their cases is not important," he said, "One doctor may take one view of a case and another, another." It is only by violently wresting these remarks, it seems to us, from the connection and connotation in which they were made and the question on which the ruling was asked, that they can be imagined to be prejudicial.

If the words contained any "germ" of error, there *was* a limit on *that* germ and "what it would do," we think. As the Supreme Court said in Beasley v. People, 89 Ill. 571, "It would be adopting too strict a rule to hold that every expression of the court that might not bear the severest criticism would be error of suffi-

cient gravity to be the ground of reversal where no other error intervenes.''

We do not think there is any ground for reversal shown by the remarks of the trial judge complained of.

It is urged finally that in refusing to give an instruction asked for the court erred, and that as the case was close and doubtful, the error was a reversible one.

The instruction asked was this:

''If you believe from the evidence that the plaintiff was attempting at the time and place in question to alight from the car in question, and if you further believe from the evidence that ordinary care on his part for his own safety at the time and place in question and under all the circumstances in evidence, required him to wait until the car in question came to a standstill before attempting to alight therefrom, and if you further believe from the evidence that the plaintiff attempted to alight from the car in question before it came to a standstill, and that such attempt to alight directly helped or contributed in any manner to bring about the accident and injury in question, then you are instructed to find the defendant not guilty, even though you may believe from the evidence that the defendant was also negligent on the occasion in question.''

The case under consideration undoubtedly is a close and doubtful one, and if the instruction is one to which there are no objections, and if the aspect of the case it presents was not properly covered in the series of instructions which were given, its refusal might well be considered as requiring reversal.

But we do not find either of these conditions met in this case.

In the first place, we think that in the fifteen instructions given to the jury at the instance of the defendant and the additional instruction given by the court of its own motion, in answer to the question propounded by the jury, every ''angle'' of the defendant's theory of defense was fairly and properly presented to the jury.

More particularly to specify the instructions, which bore directly on the matters involved in the tendered instruction recited above, which was refused, we may note the following:

The 34th instruction given was:

"To justify you in finding that the conduct of the plaintiff on the occasion in question was negligence which contributed to the accident and alleged injury in question, if you believe from the evidence the plaintiff was injured, it is not necessary that the defendant should put witnesses on the stand to testify that the plaintiff was negligent. If you find from the testimony of the plaintiff himself or that of his witnesses, that he could and would have avoided the accident in question by the exercise of reasonable and ordinary care, and that he did not exercise such care, then you will be justified in finding him guilty of contributory negligence, and in that event your verdict should be not guilty."

The 35th was:

"You are instructed as a matter of law that a person who is riding on a street car, and who attempts to get onto the step thereof, while the car is in motion, for the purpose of alighting therefrom, is required by law to use ordinary care, caution and prudence not to put himself in a position of risk or danger by so doing, and if he, by so doing, does put himself in a position of risk or danger, then the law requires him to exercise a degree of care for his own safety commensurate with such risk or danger."

The 36th:

"Whether you believe from the evidence that the defendant's servants were negligent on the occasion in question or not, yet if it appears from the evidence that the plaintiff attempted to alight from the car in question while it was in motion and that in so doing he was guilty of a want of ordinary care for his personal safety which contributed to the accident and injury in question, then he cannot recover in this case, and your verdict should be not guilty."

In answer to an inquiry from the jury—"Has a man

the right under the law to go out on a front platform of a car and prepare to step off while the car is still in motion''—the court of its own motion instructed the jury as follows:

"38. The jury are instructed that the question of whether a passenger is negligent in going upon the platform of a street car while in motion is negligence or not, is a question of fact for the jury to determine from all the surrounding circumstances attending the going upon the platform, and if under the circumstances it is such an act as an ordinarily careful and prudent man would or might reasonably do, then it is not contributory negligence, and if, on the other hand, an ordinarily prudent and careful man would not go on the platform under the circumstances, then it would be considered as contributory negligence.''

We think these instructions although, (as seems to be inevitable under our system of compelling instructions to be written and denying to the court any summing up on the facts,) couched in language which is technical and somewhat conventional and, in the last instruction through a clerical mistake, ungrammatical fairly brought the jury's attention to the fact that they were to determine from the evidence what the plaintiff was doing when the accident occurred, how the car was then running, and whether what the plaintiff was doing, as well as whether the way he was doing it, was under the circumstances careless and negligent and contributed directly to the accident.

Disregarding refinements and subtleties, these were the things which the law as declared in Illinois says should have been submitted to the jury. They were so submitted, and the jury was instructed as a matter of law that if they found this contributory negligence existed, the plaintiff could not recover.

By another instruction also given at the instance of the defendant they were specifically told what meaning

the law in Illinois puts on the term contributory negligence.

Instruction 31 was as follows:

"One of the defenses relied upon by the defendant in this case is that of contributory negligence. The term contributory negligence is used in the law to designate such conduct on the part of the plaintiff as prevents him from recovering in an action for injuries to himself. Contributory negligence means á failure by the person injured to exercise ordinary care for his own safety which proximately contributes to bring about the injury which is sued for. Ordinary care as used in these instructions means such care, caution and prudence as an ordinarily prudent person would exercise under similar circumstances. Proximately when used in this connection means closely connected with the injury in the order of events and so connected with the injury that but for the contributory negligence the injury would not have happened. If you believe from the evidence that the plaintiff was guilty of contributory negligence as herein defined, then your verdict should be not guilty."

The tendered instruction which was refused, besides being superfluous in consideration of those we have recited, was, on the other hand, in our opinion, likely to mislead the jury into the belief that it was an act of negligence *per se* under the law for the plaintiff to attempt to alight from a moving car—a doctrine which has been expressly repudiated in Illinois, as in most other jurisdictions. Cicero Street Ry. Co. v. Meixner, 160 Ill. 320. It is true that analyzed by one familiar with the law and accustomed to careful consideration of such statements, the rejected instruction under consideration can be seen not to lay down such a rule; but the misleading character of it to a jury nevertheless exists.

We do not think we are justified in disturbing the judgment in this case, and it is affirmed.

*Affirmed.*