# Mary F. Little, Appellee, v. Peoria Railway Company, Appellant.

## Gen. No. 6,673.

1. CARRIERS, § 407*—*when passenger not guilty of contributory negligence in attempting to board street car.* In an action by one against a street railway company to recover for injuries received through being thrown against the steps of a car which she boarded when it had stopped or was moving very slowly, it appearing that the car had previously stopped and taken on passengers and had started before she could reach it and had again stopped to take on another passenger, when she made the attempt which resulted in her injury, it cannot be said that if, by the exercise of due care, she could have reached the car at the place where the first passengers got on in time to have boarded it before it started, her failure to do so was contributory negligence barring her recovery.

2. CARRIERS, § 447*—*when street-car passenger, suing for personal injuries, not required to prove that car was standing still when she boarded it.* Where, in an action by one against a street railway company to recover for injuries received in boarding its car, some counts of the declaration charge that the car was standing when plaintiff started to get on it, while there are other charges that defendant negligently managed and operated the car and that it negligently accelerated its speed, it is not essential to a recovery by plaintiff that she prove that the car was standing still when she boarded it.

3. CARRIERS, § 480*—*question of contributory negligence of passenger in boarding moving street car as for jury.* It is not negligence *per se* for one to board a moving street car, but it is for the jury to decide whether it was contributory negligence under the circumstances.

4. CARRIERS, § 476*—*when evidence in action for injuries to street-car passenger sufficient to sustain finding that conductor's act was tacit invitation to board car, etc.* In an action to recover for personal injuries received in boarding defendant's street car when it was either standing still or moving very slowly, evidence that plaintiff saw a man signal the car to stop after it was starting after having taken up other passengers, that the conductor opened the car door and she followed immediately behind the man who had signaled, while the vestibule door was still open, and that the con-

ductor knew she was trying to board the car, is sufficient to support a finding that the conductor's acts were a tacit invitation to her to get on the car, and that defendant was negligent and plaintiff was in the exercise of due care.

5. CARRIERS, § 366*—*when tacit invitation given passenger to board street car.* The conduct of a street railway company and its employees may be such as to constitute a tacit invitation to board the company's car.

6. CARRIERS, § 493*—*when instruction on due care required of street-car passenger not error.* In an action against a street railway company to recover for personal injuries received in boarding its car, it is not error to give an instruction which confines to the time of the accident the requirement that plaintiff should have exercised due care.

7. DAMAGES, § 211*—*when instruction permitting recovery for permanent injury not error.* In an action to recover for personal injuries, even if the declaration does not point out the seriousness or permanency of the injuries, if it describes the injuries generally, it is proper to give an instruction permitting plaintiff to recover for permanent injury if such injury is established.

8. DAMAGES, § 244*—*when instructions in action for personal injuries not ground for reversal.* Instructions given for plaintiff in an action to recover for personal injuries, which allow the damages to be fixed by the jury upon the proof, in connection with their own observation and experience, without any witness estimating the amount, *held* incorrect, as permitting plaintiff to recover for matters susceptible of positive proof as to which no evidence was introduced, but, in view of the character and extent of plaintiff's injuries as disclosed by the evidence and of the amount of the verdict, not ground for reversal.

9. INSTRUCTIONS, § 151*—*when refusal of requested instruction on degree of proof not error.* It is not error to refuse, in an action to recover for personal injuries, to instruct that if the evidence on the material question is evenly balanced, the jury shall find defendant not guilty, where the court has given instructions requiring plaintiff to prove the allegations of the declaration by a preponderance of the evidence.

10. APPEAL AND ERROR, § 1514*—*when improper remark of counsel not ground for reversal.* An improper remark of counsel for plaintiff in his closing argument is not ground for reversal where defendant's counsel objected thereto and the objection was sustained.

Appeal from the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the April term,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Little v. Peoria Railway Co., 215 Ill. App. 385.

1919.  Affirmed.  Opinion filed October 14, 1919.  Rehearing denied December 17, 1919.  *Certiorari* denied by Supreme Court (making opinion final).

PAGE, HUNTER, PAGE & KAVANAGH, for appellant.

MANSFIELD & COWAN, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

On December 17, 1916, Mrs. Mary F. Little was injured while getting upon a street car operated by the Peoria Railway Company in the City of Peoria. She brought this suit to recover damages therefor and had a verdict and a judgment for $1,050, from which defendant prosecutes this appeal.

At the place in question the street car went north on Adams street to Main street and then turned west on Main street. At the time in question the car stopped on Adams street just south of Main and took on at least three passengers. The hour was early and stores were not open and the weather was cold. Mrs. Little reached that corner before the street car came and stood in the entryway of a store for shelter from the cold, and when the car came she started into the street to take it, but did not reach the rear of the car until the other passengers had got on and the car had started, and she concluded to return to the store entrance and wait for the next car. Just then a man came running to get on. The car had vestibule doors. They were partly closed. The conductor opened them to let the man get on, which he did. The conductor saw Mrs. Little when she was 8 or 10 feet from the entrance to the car and saw her from that time until she got upon the steps. He did not close the vestibule doors. He knew that Mrs. Little was trying to get on the car. He called out to her, either "Keep Off," or "Look Out." The preponderance of the evidence is

that it was the latter. There is no proof that Mrs. Little heard him. The car had either stopped to let on this man or was moving very slowly. Mrs. Little got onto the lower step and was thrown against the side of the steps and the car did not stop until it had gone around the curve on to Main street. Appellant appears to contend that if Mrs. Little could have reached the car at the place where the others got on south of Main street, by the exercise of due care, in time to have got on before the car started, then her failure to do so was contributory negligence barring her recovery. We think this position is not sound. She owed no duty to the street railway company to get on that car at that time and place, and had a right to change her mind and return to the sidewalk and wait for the next car, if she chose. Appellant also contends that if the car was in motion when she started to get upon it, she cannot recover. Some counts of the declaration charge that the car was standing when she started to get upon it, but there are other charges that the defendant negligently managed and operated its car, and others that the defendant negligently accelerated the speed of the car, so that the condition of the declaration did not require her to prove that the car was standing still. It is the settled law of this State that it is not negligence *per se* for a person to get upon a street car when it is in motion, and that the question whether, under the particular circumstances of the case, the act of the person so getting upon a street car in motion is negligence in fact, contributing to the resulting injury, is for the jury. *Cicero & P. St. Ry. Co. v. Meixner,* 160 Ill. 320; *North Chicago St. Ry. Co. v. Wiswell,* 168 Ill. 613; *South Chicago City Ry. Co. v. Dufresne,* 200 Ill. 456; *Chicago Union Traction Co. v. Lundahl,* 215 Ill. 289; *Kelly v. Chicago City Ry. Co.,* 283 Ill. 640. This car was either standing still or proceeding very slowly when the man got on. Plaintiff had seen him signal the car to stop. The con-

ductor had opened the vestibule door. Plaintiff followed immediately behind this man and the vestibule ' door was still open and the conductor knew she was seeking to get upon the car. The courts recognize that there may be a tacit invitation to get upon a street car. *Cicero & P. St. Ry. Co. v. Meixner, supra; North Chicago St. Ry. Co. v. Wiswell, supra.* We think the jury might reasonably hold that when the conductor saw her approaching the steps of the car and knew that she wished to get upon the car, his keeping the vestibule door open after the man entered was a tacit invitation to Mrs. Little to get upon the car, and that the conclusion of the jury as to the negligence of the defendant and the due care of the plaintiff was warranted by the evidence.

Complaint is made of the third instruction given for plaintiff, because it confined to the time of the accident the requirement that the plaintiff should have exercised due care. If the failure of the plaintiff to reach the car when the other people got on was contributory negligence by plaintiff, then this criticism would be well founded. But we conclude that that incident had no bearing on this case, and that the jury would understand the requirement that plaintiff should have exercised due care at the time of the accident to mean at the time plaintiff attempted to get upon the car, and that the instruction was not erroneous.

An instruction given for plaintiff permitted recovery for permanent injury if the plaintiff established such injury. It is claimed by appellant that there was no allegation of any permanent injury to plaintiff except to her right hand, and no proof of that, and therefore this instruction was erroneous. The declaration charged that by this accident plaintiff was greatly bruised, hurt and wounded and two ribs on her right side were broken and she became sick, sore, lame and disabled, and so remained for a long space of time and suffered great pain and was prevented from attending

to and transacting her affairs and business, and laid out divers sums of money, amounting to $200, in endeavoring to be cured of said wounds, hurts and bruises; also that divers bones of her body were broken and her hand and her arm were severely bruised and wrenched, and she became sick, sore, lame and disabled and so remained hitherto, and that her right hand was permanently disabled. There was no express statement of permanent injury, except to her right hand. This precise question was decided in *City of Chicago v. Sheehan*, 113 Ill. 658. The second instruction there given allowed the jury, in assessing damages, to take into consideration any permanent injury the plaintiff may have sustained. It was argued this was erroneous because there was no allegation of a permanent injury in the declaration. It was held there was no force in this objection. The court said: "It is enough if the declaration showed the injury received without describing it in all its seriousness, and the recovery could be to the whole extent of the injury." To the like effect is *North Chicago St. Ry. Co. v. Brown*, 178 Ill. 187. In *Chicago & A. R. Co. v. McDonnell*, 194 Ill. 82, in a like condition of the declaration, a like instruction was given permitting recovery for permanent injury, and the judgment was affirmed, the allegation of injury in a general way being held sufficient. In *Springer v. Schultz*, 205 Ill. 144, a like point was made upon a like instruction, and it was held that the declaration did allege a permanent injury, and the court there said: "But even if the declaration merely described the injury generally, without pointing out its seriousness or permanency, 'the recovery may be to the whole extent of the injury.'" The instruction here in question was not erroneous.

The fifth and eleventh instructions, given for plaintiff, allow the damages to be fixed by the jury without any witness estimating the amount, but the jury were to act upon the proof in connection with their own

observation and experience. It is argued that the amount expended by plaintiff for the services of her physician and her loss by reason of inability to attend to her business affairs were susceptible of direct proof, and that it was error to permit the jury to estimate those items of injury by their own observation and experience. We think these instructions in that respect were incorrect. Cases where such an instruction were given have been reversed on that account by the Supreme Court and by several of the Appellate Courts, including this court, but the modern tendency is to regard such an incorrect instruction as not necessarily reversible error. In *North Chicago St. Ry. Co. v. Fitzgibbons,* 180 Ill. 466, where such an instruction was given under like circumstances, the court said: "We do not think the jury would understand from the instruction that they might consider injuries outside of the evidence, which they might individually know of." The judgment was affirmed. In *Keokuk & H. Bridge Co. v. Wetzel,* 228 Ill. 253, where that instruction was criticized for the like defect, the court said that the instruction should have been limited so as to apply only to the physical injury which the plaintiff sustained, yet they did not think, in view of the serious character of plaintiff's injury and the amount of their verdict, that the jury were misled by that instruction and that the court was of opinion that the giving thereof did not constitute reversible error. In *Thompson v. Northern Hotel Co.,* 256 Ill. 77, where a like criticism was made of a like instruction in a case for personal injuries, the Supreme Court said: "We do not think that the instruction would be understood by the jury as authorizing them to estimate and allow damages capable of pecuniary measurement without any evidence upon which to base such estimate." Mrs. Little had two ribs broken and a cut on her right leg by some iron on the steps of the car, and had serious bruises and contusions. Her right hand was injured. For a

long time she could not knead bread and could not scrub the floor and could not grasp anything in that hand. She was confined to her bed 3 weeks and to her house 5 weeks. At the time of the trial she testified that she had been sick and nervous ever since. Much of the time she did not average 2 hours of sleep a night for nervousness in her side and leg and head. The circulation in her hand was so poor that one side of her hand would go to sleep and get cold and she would have to get up in the night and massage it. These conditions had never existed before this accident and they continued and were in full force at the time of the trial in November, 1918. She had the services of a physician at her home and afterwards in his office. He testified from memory only that he had probably attended her twenty or thirty times. At one time he .called another physician in, consultation. Plaintiff estimated that she had fifty calls from her physician. There was proof that $125 was a reasonable charge for his services, and efforts to prove what the actual charge was were kept out by an objection by the defendant. We are of the opinion that under the proof in this case on the subject of plaintiff's injuries, which was not in any way disputed, the verdict of the jury was reasonable. Plaintiff did not undertake to show how much time she lost or that her time had any pecuniary value. We conclude, in harmony, we think with the cases above cited, that the jury were not misled by this instruction into allowing plaintiff anything for matters susceptible of positive proof that was not introduced.

The court refused an instruction requested by defendant to the effect that if the evidence on the material question is evenly balanced they should find the defendant not guilty. The court gave several instructions requiring plaintiff to prove the allegations of her declaration by a preponderance of the evidence, and therefore was not required to give this instruction.

Plaintiff's counsel in his closing argument made an improper remark. It was objected to by defendant's counsel and the objection was sustained, and we are of opinion that under these circumstances this judgment ought not to be reversed because of that remark.

We find no reversible error in the record and the judgment is therefore affirmed.

*Affirmed.*

MR. PRESIDING JUSTICE NIEHAUS took no part.