ILLINOIS CENTRAL RAILROAD COMPANY

*v.*

PHILIP LUTZ.

NEGLIGENCE—*leaving cars whilst in motion.* The fact that a passenger on a railroad is in danger of being carried past his station will not justify him in getting off whilst the train is in motion, or in imprudently exposing himself to danger; and if he does either, and is injured in consequence thereof, it is owing to his own want of ordinary care, and he can not recover in a suit against the railroad company for such injury.

APPEAL from the Circuit Court of Cumberland county; the Hon. JAMES C. ALLEN, Judge, presiding.

Mr. GEORGE W. WALL, for the appellant.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

The appellant asks that the judgment be reversed because there is no evidence to sustain it.

The accident in question occurred on the night of the 31st of July, 1875. The night was dark and rainy, and the rails of the road slippery. The destined station of the plaintiff was Neoga. His own account of the affair is, that when the station was announced, he started out on the platform and saw that the train was passing the station house without stopping; that he stepped down on the steps; could not say which step he was on; had hold of the railing; that the conductor came out just then and said: " don't jump;" that he replied he would not, and was just then in the act of turning to go back; that the conductor reached up at the bell-cord to stop the train, as he supposed, and then something struck plaintiff and knocked him off; that he did not know what it was that hit him; that nobody touched him, nor did he see anything that did; when he came to, he found himself in the act of getting up from the ground, and just about then the conductor came to him and helped him up; that he stepped forward, and the conductor said: " look out, you will step in the cattle guard," and then he noticed that he was just south of the cattle guard—the first · cattle guard south of Neoga station; the train backed up over the cattle guard, and stopped not far from the switch.

The physician who examined plaintiff carefully the day after he was hurt, testifies that he could not find any abrasion or discoloration upon his person. It is quite apparent that he could not have been struck by any portion of the fence of the cattle guard. Actual measurement shows it to have been impossible unless his person was projecting beyond the cars. The train backed over the cattle guard—no obstruction was noticed by the conductor or the brakeman, nor was anything seen by them, as well as by the plaintiff, which could have struck him while he was on the cars. Any stationary object near the track that could have touched him would have neces-

sarily touched the cars—but there was no sign of any such thing.

The probability is, that in turning about to come back into the car he slipped and fell off, or, if not, he must have attempted to jump off, and in doing so received the injury. In either case, he could not recover damages for the injury, because it would have been the result of his own want of ordinary care. If he was in danger of being carried past his station, he would not have been justified in getting off while the train was in motion, or in imprudently exposing himself to danger. *Illinois Central Railroad Co.* v. *Able,* 59 Ill. 131; *Illinois Central Railroad Co.* v. *Green,* 81 Ill. 19.

Regarding the verdict as entirely unsupported by the evidence, the judgment is reversed.

*Judgment reversed.*