The Chicago and Eastern Illinois Railroad Company

*v.*

Martha I. Storment.

*Opinion filed April 18, 1901.*

1. Trial—*court should refuse to take case from jury if the plaintiff's evidence makes a prima facie case.* The court must refuse the defendant's motion to instruct the jury to find in his favor, where the evidence introduced on behalf of the plaintiff, when considered alone, is sufficient to make out a *prima facie* case.

2. Law and fact—*what questions are for the jury in action for negligent starting of train.* Whether the defendant stopped its train a sufficient length of time to afford the plaintiff a reasonable opportunity to alight in safety, or whether the plaintiff was negligent in not getting off the train sooner than she did or in getting off in the manner employed, are questions of fact for the jury.

3. Negligence—*right of recovery where a person is placed in sudden peril.* Where a person, while in the exercise of due care for his own safety, is placed in a perilous position by the wrongful act of another, if his conduct in attempting to extricate himself is that of a reasonably prudent person acting in view of such peril he may recover for injuries sustained.

*C. & E. I. R. R. Co.* v. *Storment,* 90 Ill. App. 505, affirmed.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Marion county; the Hon. S. L. DWIGHT, Judge, presiding.

W. H. LYFORD, and L. M. KAGY, for plaintiff in error.

FRANK F. NOLEMAN, and W. F. BUNDY, for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an action on the case, brought by the defendant in error in the circuit court of Marion county against the plaintiff in error, to recover damages for a personal injury sustained by the defendant in error while in the act of alighting from a passenger train upon which she was a passenger. The jury returned a verdict in favor of defendant in error for $2000, upon which, after over-ruling a motion for a new trial, the court rendered judgment, which judgment has been affirmed by the Appellate Court for the Fourth District, and this writ of error has been sued out to reverse said judgment of affirmance.

The declaration contains four counts, and alleges negligence on the part of the plaintiff in error in starting its train while defendant in error, in the exercise of due care for her own safety, was in the act of alighting from said train, and in not stopping said train a sufficient length of time to allow defendant in error to leave said train with safety.

At the close of the evidence for the plaintiff and again at the close of all the evidence, the defendant moved the

court to peremptorily instruct the jury to find the defendant not guilty, which the court declined to do, and the defendant having excepted to the ruling of the court in that behalf, has assigned the same as error in this court.

It appears from the evidence introduced on behalf of the plaintiff that she resided at the village of Cartter, a station on the road of defendant, south of Salem; that on the 6th day of April, 1898, she purchased a ticket of the agent of defendant from Cartter to Salem, and in company with her sister-in-law, Mrs. Wham, took a train for Salem; that they entered the rear car, where they met two lady acquaintances, also going to Salem; that the four ladies occupied seats near together; that the train was delayed between Cartter and Salem on account of the wreck of a freight train and was late on its arrival at Salem; that the conductor called the station of Salem and immediately left the train to receive his orders; that so soon as the train stopped, and without delay, the four ladies left their seats and went to the front platform of the car to alight; that two of them were in advance of the plaintiff; that when the plaintiff was on the steps and in the act of getting off the train started; that with the assistance of two of her lady friends she stepped or jumped off upon the platform, and in so doing was injured; that the train stopped only a short time, and not a sufficient length of time to permit plaintiff to get off; that the conductor was at the front end of the baggage car and not in sight of plaintiff when he gave the engineer the signal to pull out, and that the train did not thereafter stop and he did not know the plaintiff had been injured. The plaintiff at the time of the injury was fifty-nine years old and was in good health. As a result of the injury she soon afterwards became partially paralyzed, and at the time of the trial was almost helpless and needed constant attention.

Whether the defendant stopped its train a sufficient length of time upon its arrival at Salem to afford the

plaintiff a reasonable opportunity to leave the same in safety, or whether the plaintiff was guilty of contributory negligence in not getting off the car sooner or in getting off in the manner in which she did, were questions of fact to be determined by the jury. The court did not err in refusing to take the case from the jury, as the evidence introduced on behalf of the plaintiff, when considered alone, as it must be on a motion to instruct the jury to find for the defendant, was sufficient to make out a *prima facie* case for the plaintiff.

It is contended by the plaintiff in error that the court improperly gave to the jury, on behalf of plaintiff, the following instruction:

"Although you may believe, from the evidence, that the plaintiff jumped or stepped from the train in question after it was in motion, whereby she received the injuries complained of, yet if you further believe, from the evidence, that while the plaintiff was descending the steps of said train the same was suddenly, carelessly and without warning to her set in motion by the defendant, and that the plaintiff was thereby placed in a perilous position, then it is for you to determine, from the evidence, whether the plaintiff acted as a reasonably prudent person would have done under like circumstances; and if you believe, from the evidence, that under the surrounding circumstances the plaintiff was not guilty of negligence, but acted as a reasonably prudent person would have done under like circumstances, then the fact of her so stepping or jumping from said train while the same was in motion will not prevent the plaintiff from recovering in this case."

The instruction informed the jury they had the right to take into consideration all the circumstances surrounding the plaintiff from the time she left her seat in the car until she reached the platform, and if they found, from the evidence, that while she was descending the steps to the platform the train was suddenly and with-

out notice to her set in motion, and she was thereby placed in a perilous position, and that while so situated she did what a reasonably prudent person would have done under like circumstances for her own safety, the fact that she stepped or jumped from the train while the same was in motion would not defeat a recovery. We see no error in this instruction. If a person, while in the exercise of due care for his own safety, be placed in a perilous position by the wrongful act of another, if his conduct in attempting to extricate himself from such peril is that of a reasonably prudent person acting in view of such peril, he may recover, if injured.

It is further contended that the court erred in refusing to give certain of the defendant's instructions and in modifying others and giving them as modified. The court gave fifteen instructions on behalf of the defendant as asked, modified five and gave them as modified, and refused eleven. The main contention of the defendant was that the plaintiff was not entitled to recover at all, because the train was in motion when she alighted from the same. This view of the law was erroneous, and the instructions, so far as they announced such erroneous view, were properly modified by the court before being given to the jury. The refused instructions were covered by or were in conflict with the instructions given by the court, or were upon immaterial matters. We think the jury were fairly instructed as to the law of the case.

Complaint is made of the rulings of the court in the admission and rejection of evidence. We find no reversible error in the rulings of the court in that regard.

The contention that counsel for plaintiff was permitted to read law to the jury in his closing argument is not sustained by the abstract of the record and is without merit.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*