## The Chicago and Alton Railroad Company

*v.*

## Truman K. Gore.

*Opinion filed April 24, 1903.*

1. Railroads—*conductor has authority to direct passengers in matter of boarding trains.* It is so far within the scope of a railway conductor's authority to advise and direct passengers in the matter of boarding trains, that an attempt to board a moving train in compliance with such advice is not such negligence as will bar a recovery, unless the danger is so obvious that only a reckless man would encounter it.

2. Same—*whether it is negligence to board moving train is a question of fact.* Whether a person was negligent in attempting to board a moving train at the invitation of the conductor is a question of fact for the jury under the particular circumstances.

3. Evidence—*when a conversation with the conductor is admissible.* A conversation between the conductor and a passenger with reference to his getting off at a station to have his baggage re-checked is admissible in an action by the passenger for injuries received in attempting to re-board the moving train.

4. Same—*when evidence as to an invitation to board train is properly admitted.* Testimony by the plaintiff that some one told him to "Hurry up! get on there!" as he attempted to board a moving train is properly admitted, even though the plaintiff is unable to testify that it was the conductor who spoke, where the fact that it was the conductor is shown by other testimony.

5. Same—*that plaintiff acted upon the conductor's advice tends to show reasonable care.* That the plaintiff acted upon the conductor's advice in attempting to board a moving train tends to prove that he acted with reasonable and ordinary care for his own safety.

6. Special interrogatories—*when special interrogatory should be refused.* A special interrogatory, reading, "Did the plaintiff attempt to board the train of the defendant after it was in motion, and if so, was such attempt the cause of the injury?" does not call for an ultimate controlling fact and should be refused, and hence the party offering it cannot complain that the court, upon giving it, inserted the word "proximate" before the word "cause."

7. Trial—*counsel may read special interrogatories to jury and discuss the evidence.* It is not improper for counsel to read special interrogatories to the jury and discuss the evidence upon the points raised therein, with a view to suggesting the answers which, in his judgment, should be returned.

*Chicago and Alton Railroad Co.* v. *Gore,* 105 Ill. App. 16, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macoupin county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

PATTON & PATTON, (WILLIAM BROWN, of counsel,) for appellant:

Although the railroad company may be guilty of negligence, a passenger cannot recover if he is guilty of contributory negligence proximately causing his own injury. It is the duty of a passenger to exercise reasonable and ordinary care for his own safety in boarding or alighting from a train.   As a general rule, it is contributory negligence to get on or off a moving train.  *Railroad Co. v. Randolph,* 53 Ill. 510; *Railroad Co.* v. *Scates,* 90 id. 586; *Railroad Co.* v. *Slatton,* 54 id. 133; *Railroad Co.* v. *Eininger,* 114 id. 79; *Railway Co.* v. *Stratton,* 78 id. 88; *Railway Co.* v. *Meixner,* 160 id. 320; *Railway Co.* v. *Chambers,* 71 id. 520.

If a person has no right to get on a moving train, a railroad company is under no obligation to provide means to assist a person in doing what he has no right to do. *Railroad Co.* v. *Scates,* 90 Ill. 586; *Werbowlsky* v. *Railroad Co.* 48 N. W. Rep. 1097; *Phillips* v. *Railroad Co.* 49 N. Y. 177.

If a passenger voluntarily does an act which is obviously dangerous, with no occasion therefor or inducement thereto caused by the carrier except a bare license by non-interference, or even by permission or direction of the conductor, he will take the special risk upon himself. 5 Am. & Eng. Ency. of Law, (2d ed.) 649, note *f; Jones* v. *Railroad Co.* 95 U. S. 439; *Whitlock* v. *Comer,* 57 Fed. Rep. 565; *Files* v. *Railroad Co.* 149 Mass. 204; *Bardwell* v. *Railroad Co.* 56 Am. Rep. 842; *Railroad Co.* v. *Hazzard,* 26 Ill. 373; *Railroad Co.* v. *Gretzner,* 46 id. 75.

A cry of "All aboard!" is not a command or direction, but mere notice that the train is about to start, and would justify no one in getting on the moving train.  *Novack* v. *Railway Co.* 63 Mich. 121.

Where a verdict is so manifestly against the weight of the evidence as to indicate prejudice or misapprehension on the part of the jury, the judgment on it must be reversed. *Insurance Co.* v. *Long,* 73 Ill. App. 663; *Railroad Co.* v. *Stumps,* 55 Ill. 369; 69 id. 409.

The court should not permit counsel to comment on the special interrogatories or explain how they should be answered. *Railway Co.* v. *Wilson,* 56 Ill. App. 364.

Bell & Burton, for appellee: .

Before an act can be deemed negligent *per se* it must either have been done in violation of a statutory duty, or must in its nature be so violative of common prudence that without doubt no 'prudent man would have committed it. *Railroad Co.* v. *Gasscamp,* 34 Am. & Eng. Ry. Cas. 6; 6 Rapalje & Mack's Digest of Railway Law, 773.

The terms "negligence" and "ordinary care" are relative terms, dependent upon the facts, in each case, for their real value and meaning. What is prudence and proper care under some circumstances may be negligence in others. Each case must depend upon its own facts. *Railroad Co.* v. *Storment,* 190 Ill. 42; *Railroad Co.* v. *Wallace,* 110 id. 114; *Railroad Co.* v. *Johnson,* 103 id. 512.

It is not *per se* negligence, in law, for a person to get on or off a moving train. It may be highly negligent to do so, or it may be the most prudent thing to do. Whether it is negligent or not depends upon all of the attendant circumstances. *Railroad Co.* v. *Storment,* 190 Ill. 42; *Railroad Co.* v. *Byrum,* 153 id. 131.

One who obeys the instructions or directions of another upon whose assurance he has a right to rely cannot be charged with contributory negligence at the instance of such other in an action for injuries received in attempting to follow out the instructions. *Railroad Co.* v. *Brown,* 123 Ill. 162; *Railroad Co.* v. *Rayburn,* 52 Ill. App. 227; *Railroad Co.* v. *Winters,* 175 Ill. 293; *Railroad Co.* v. *Arnol,* 144 id. 261; *Railroad Co.* v. *Wilson,* 63 id. 167.

The direction of the conductor to a passenger as to his method of getting on or off a train is clearly within the scope of his authority as such conductor, and in complying with such direction the passenger is not guilty of negligence unless he exposes himself to apparent danger. 2 Rapalje & Mack's Digest of Railway Law, par. 370; *Irish* v. *Railroad Co.* 4 Wash. 48; *Railroad Co.* v. *Railroad Co.* 36 Fed. Rep. 897; *Railroad Co.* v. *Winters*, 175 Ill. 293.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The Appellate Court for the Third District affirmed the judgment in favor of the appellee, entered in the Macoupin circuit court, in the sum of $5304, in an action on the case against the appellant company to recover for personal injuries inflicted, as the declaration alleged, through the negligence of the servants of the company. This is an appeal to reverse the judgment of affirmance.

In September, 1899, the appellee desired to go from Chicago to Carlinville on the appellant's railroad. The State Fair was then in progress in Springfield and the appellant company was selling tickets at reduced rates to that city. Appellee purchased a ticket from Chicago to Springfield and had his baggage checked to the latter point. When on the train he surrendered his ticket to the conductor and paid that official the fare charged by the company for passage from Springfield to Carlinville. He desired to have his baggage re-checked, so that it would also be transported to Carlinville. He requested the conductor to make this change in the destination of his baggage, and was told by the conductor to attend to it himself. He asked the conductor where he could attend to the matter, and was told that he could do so when the train stopped at Joliet, and in reply to a question asked by the appellee, the conductor said there would be time for him to have his baggage re-checked at Joliet. When the train arrived at Joliet the appellee went upon the platform and forward to the baggage car,

and after some delay succeeded in getting his baggage re-checked from Springfield to Carlinville. The evidence tended to show that he proceeded with no unnecessary delay in the matter of getting his baggage re-checked and in seeking to re-enter the car, but that through the negligence of the conductor the train was put in motion and was moving when he attempted to mount the steps of the car. The evidence also tended to show that the conductor, who was still upon the platform, encouraged and advised appellee to attempt to board the train; that he supposed he might do so with safety and attempted to reach the steps, and in doing so fell or was thrown or drawn under the wheels of the car and his right foot so mangled and crushed that it had to be amputated.

It is so far within the scope of the authority of a conductor of a railway train to advise and direct passengers in the matter of boarding the train, that an attempt to step on a moving train in compliance with such advice or direction cannot be declared, as matter of law, to be negligence that will bar recovery, unless the danger is so open and obvious that only a reckless man would encounter it. (5 Am. & Eng. Ency. of Law,—2d ed.—653; 2 Rapalje & Mack's Digest of Railway Law, par. 370.) In *Chicago and Alton Railroad Co.* v. *Winters,* 175 Ill. 293, we said (p. 302): "The direction, invitation or assurance of safety given by a servant of the company may so qualify a plaintiff's acts as to relieve it of the quality of negligence which it would otherwise have." The law has no rule declaring every attempt to board a moving train to be, *per se,* negligence. Whether or not the appellee, in attempting to get upon the car while the same was in motion, on the occasion in question, was guilty of such contributory negligence as would bar a recovery, was a question of fact to be determined by the jury in view of all the attendant and surrounding circumstances. *Chicago and Alton Railroad Co.* v. *Byrum,* 153 Ill. 131; *Chicago and Eastern Illinois Railroad Co.* v. *Storment,* 190 id. 42; 5 Am.

& Eng. Ency. of Law,—2d ed.—653, 656, 657; 3 Thompson on Negligence, secs. 2995, 2996.

The trial court did not err in permitting the appellee to detail the conversation which occurred between himself and the conductor while on board the train with reference to the course to be pursued by the appellee, when the train should arrive at Joliet, in the matter of procuring his baggage to be re-checked from Springfield to Carlinville. It was within the scope of the duty of the conductor to make such suggestions and give advice to passengers, and the conversation referred to explained why the appellee left the car and came upon the platform at Joliet, and tended to relieve him from any charge of apparent negligence in leaving the car and to justify him in so doing.

We have examined the complaint that the appellee was allowed to testify that just as or immediately before he attempted to re-mount the step of the car he heard the words, "Hurry up! get on there!" without being able to testify that such words were spoken by the conductor. The appellee testified he did not see the person who so cried out, but that he had only a moment before left the conductor at the place from which the voice came, and that no one else was there with the conductor. This evidence tended to the identification of the conductor as the person who so called out, and that the conductor was such person was removed from question by the testimony of the witness Cowing. The declaration alleged that the appellee proceeded with reasonable and ordinary care in attempting to board the train, and that he acted upon the suggestion, advice or direction of the conductor was competent to be proven as a circumstance tending to show the appellee had exercised ordinary care.

The appellant company asked the court to submit the following special interrogatory (except the word "proximate," enclosed in brackets,) to the jury: "Did the plaintiff attempt to board the train of the defendant after it

was in motion, and if so, was such attempt the [proximate] cause of the injury to the plaintiff?" The court modified the interrogatory by inserting the word "proximate," and this action of the court is assigned as for error. This interrogatory was framed by counsel for the appellant company upon the theory that the law pronounced an attempt to board a train while in motion as, *per se*, contributory negligence. If that view of the law had been correct, then an affirmative answer to the interrogatory would have been inconsistent with a general verdict for the plaintiff; but, as we have seen, it was not a question of law, but of fact, whether the act of the appellee in attempting to get upon the train while the same was in motion was, under the circumstances, negligence. Whether negligent or not was to be determined upon consideration of all the attending facts and circumstances. Hence an affirmative answer to the interrogatory as framed by counsel for the appellant and as modified by the court would not have established an ultimate fact decisive, in any manner, of the issues in the case. That the train was in motion when the appellee attempted to enter the car is not at all inconsistent with the general verdict returned by the jury for the appellee. Special interrogatories should call for a finding as to ultimate controlling facts, or as to probative facts from which the ultimate controlling facts necessarily result. (*Chicago and Northwestern Railway Co.* v. *Dunleavy*, 129 Ill. 132.) The special interrogatory as asked or as modified did not call for the finding of an ultimate fact, or for a probative fact from which an ultimate fact resulted, and consequently should have been refused. The appellant, therefore, has no ground to complain that it was modified.

We do not conceive that it was improper practice to permit counsel for appellee to read the special interrogatories to the jury, and in connection therewith discuss the evidence, for the purpose of convincing the jury that under the evidence the interrogatories should be an-

swered in the affirmative or in the negative, as the case might be. The objection is not that the argument of counsel appealed to the prejudice of the jurors or to their sympathies, or that it transcended legitimate grounds of debate, but simply that it was error to allow counsel to read the interrogatories to the jury and discuss the evidence which bore upon the answers which counsel conceived should be made by the jury thereto. The statute which authorizes the submission of special questions of fact to be answered by a jury requires that such questions shall be stated to the jury in writing, and "shall be submitted by the party requesting the same, to the adverse party before the commencement of the argument to the jury." The end designed to be attained by the argument of counsel is to lead the jury to the proper decision of or answer to the issues made by the pleadings. It was entirely legitimate for counsel to review the evidence and suggest to the jury what, under the proof, their general verdict should be, and none the less to suggest the answers which, in the view of counsel, the evidence demanded should be returned to the special interrogatories. In *Timins* v. *Chicago, etc. Railroad Co.* 72 Iowa, 94, it was said: "It is competent for an attorney to read special interrogatories to the jury, and to discuss the evidence applicable thereto, and to suggest the answers which in his judgment ought to be rendered."

The objection to the first, second and third instructions given in behalf of the appellee, that they submitted to the jury, to be decided as a question of fact, whether the appellee was guilty of contributory negligence in attempting to board the train while the same was in motion, is based upon the insistence of the appellant, already disposed of, that such act constituted negligence in point of law.

It is further objected that the second of said instructions assumed that the acts of the conductor at the time in question were negligent. We do not so read the in-

struction. The only reference in the instruction to the defendant or its agents in charge of the train of cars is, that "if in this case the jury believe, from the evidence, that the plaintiff, while using such reasonable care for his own safety, was injured in the manner as charged in the declaration, and that such injury was occasioned by the negligence of the defendant or of its agents in charge of the train of cars mentioned in the evidence, and as charged in the declaration, then the jury should find the defendant guilty." Nothing is assumed by this instruction, but the jury were left entirely free to determine all charges of negligence from a consideration of the evidence.

Instructions 10, 18 and 19, asked by the appellant company, sought to have the court direct the jury that the conversation between the appellee and the conductor while on the train, before reaching Joliet, with reference to the opportunity which would be presented to the appellee, while the train was at Joliet, to arrange to have his baggage re-checked so that it would be carried from Springfield to Carlinville, was not competent for consideration. In the view we have expressed as to this conversation it follows these instructions were properly refused.

The other refused instructions incorporated the principle sought to be maintained by the appellant company, that the attempt on the part of the appellee to enter the train while it was in motion conclusively established that he was guilty of negligence, and were for that reason properly refused.

The alleged error in the denial of the motion in arrest of judgment involved no question not already considered.

The judgment of the Appellate Court must be and is affirmed.                    *Judgment affirmed.*