CHARLES ARDISON, Defendant in Error, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Plaintiff in Error.

*Opinion filed February 25, 1911—Rehearing denied April 6, 1911.*

1. PRACTICE—*trial court should weigh conflicting evidence on motion for new trial.* Upon a motion to direct a verdict the trial court cannot weigh conflicting evidence upon questions of fact, but it is its duty to do so on the motion for a new trial, and such is also the case in the Appellate Court; but in the Supreme Court the question can be considered only as it arises on a motion to direct a verdict.

2. NEGLIGENCE—*it is not necessarily negligence per se for passenger to alight from a moving steam train.* It is not necessarily negligence *per se* for a passenger on a steam railroad train to knowingly and voluntarily alight from the train while it is in motion, without having been directed to alight by any agent of the railroad company.

3. SAME—*question of ordinary care should be determined by the jury from all the circumstances.* Knowledge by a passenger on a steam railroad train that the train is in motion and the absence of any direction by an agent of the company to alight are not the only circumstances which determine whether the passenger exercised ordinary care in alighting, but they are to be considered by the jury with all the other circumstances surrounding the event, and from such consideration the jury should determine the question of fact whether the passenger exercised ordinary care.

CARTWRIGHT, HAND and COOKE, JJ., dissenting.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. CHARLES T. MOORE, Judge, presiding.

C. H. BURTON, (JOHN G. DRENNAN, of counsel,) for plaintiff in error.

TERRY & GUELTIG, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The only question presented for our consideration in this case is whether it is negligence *per se* for a passenger knowingly and voluntarily to alight from a car of a moving steam railroad train without the direction of any agent of the railroad company. The defendant in error did so alight from a train of the plaintiff in error upon which he was a passenger and received serious injuries, for which he recovered a judgment for $3000, which the Appellate Court affirmed. The accident by which he was injured occurred about half-after seven o'clock in the evening of December 7, 1907. When the station to which the defendant in error was going was called, he went out of the car upon the front platform and down to the lower step, holding to the handrail with his right hand and having on his left arm a basket filled with groceries and provisions and in his left hand a two-gallon can full of oil. It was dark and the platform was poorly lighted. As the train was moving slowly, coming to a stop, he stepped from the car to the station platform and came in contact with the station agent, who was standing there with a lighted lantern in his hand, having just exchanged letters with the baggageman on the train. Both the defendant in error and the station agent were thrown down and defendant in error fell under the train. Different counts of the declaration charged negligence in failing to have the platform properly lighted and in per-

mitting the train to be suddenly and violently moved while the defendant in error was alighting.

The evidence was conflicting as to the speed at which the train was moving at the time the defendant in error stepped off and as to whether there was any jerk of the train. On the motion to direct the verdict, the court, regarding the evidence in its most favorable aspect for the defendant in error, was bound to consider it proved that the train was in hardly perceptible motion and that there was a jerk which threw the defendant in error down. On the motion for a new trial the court could weigh the evidence on these questions of fact and it was its duty to do so, and this was the case also in the Appellate Court, but here the question can be considered only as one of law as it arises on the motion to direct the verdict.

There is no rule of law in this State that every attempt to get on or off a moving train of cars is negligence *per se.* It has been declared that a passenger has no right to attempt to get on or off a train when in motion, and if he undertakes to do so without the knowledge or direction of any employee of the company it is at his peril and he must take the consequences, however disastrous. The cases in which such declarations have been made, however, were generally, if not always, cases in which it was held from a consideration of the evidence, and not as a matter of law, that the plaintiff, in attempting to get on or off the train, was not in the exercise of ordinary care. (*Chicago and Alton Railroad Co.* v. *Randolph,* 53 Ill. 510; *Illinois Central Railroad Co.* v. *Slatton,* 54 id. 133; *Ohio and Mississippi Railway Co.* v. *Stratton,* 78 id. 88; *Chicago and Northwestern Railway Co.* v. *Scates,* 90 id. 586.) On the other hand, it has been held that it was a question of fact, to be determined by the jury under all the attendant and surrounding circumstances, whether an injured plaintiff was guilty of such contributory negligence in alighting from a moving train as would bar a recovery. (*Chicago and Al-*

*ton Railroad Co.* v. *Byrum,* 153 Ill. 131.)   So it was held
that an instruction which advised the jury that if they be-
lieved, from the evidence, that under the circumstances the
plaintiff was not guilty of negligence but acted as a rea-
sonably prudent person would have done under like circum-
stances, the fact of her stepping or jumping from the train
while in motion would not prevent a recovery.   *Chicago
and Eastern Illinois Railroad Co.* v. *Storment,* 190 Ill. 42.

The following instruction was asked by the plaintiff in
error:

"If you find, from the evidence, that Charles Ardison,
plaintiff, stepped off the train on the platform at Wilder-
man Station while the train was in motion, and that he
knew the train was then moving and had not come to a
stop, and that no agent, trainman or representative of the
defendant, Illinois Central Railroad Company, had then
and there instructed or directed Ardison to get off the train
at said time and place while the train was moving, then the
court instructs the jury that it is the law in this case that
the plaintiff cannot recover, and your verdict must be for
the defendant, finding it not guilty."

The instruction was properly refused for the same rea-
son the peremptory instruction was refused.   Knowledge
that the train was in motion and the direction of an em-
ployee of the railroad company are not the only circum-
stances to be considered in determining the question of rea-
sonable care.   They are to be considered together with all
the other circumstances surrounding the event, and from a
consideration of all the circumstances the jury should de-
termine the question of fact whether or not the defendant
in error, in attempting to alight from the train, was in the
exercise of ordinary care.

The judgment is affirmed.        *Judgment affirmed.*

CARTWRIGHT, HAND and COOKE, JJ., dissenting.