## Harry Gilberts, Appellee, v. Rockford & Interurban Railway Company, Appellant.

### Gen. No. 6,668.

1. CARRIERS, § 425*—*when passenger's allowing body to protrude from car not contributory negligence as matter of law.* A passenger allowing a part of his body to protrude from the car is not guilty of contributory negligence as a matter of law barring a recovery for injuries that would have been avoided had he kept entirely within the car.

2. CARRIERS, § 480*—*when contributory negligence of injured passenger is question for jury.* The question whether a passenger was guilty of negligence in allowing a part of his arm to protrude from the car window is one of fact to be passed upon by the jury unless there is no evidence tending to show that he was in the exercise of due care and caution and no fact or circumstance appears from which a reasonable inference of such care and caution may be drawn.

3. CARRIERS, § 480*—*when contributory negligence of injured passenger is question for jury.* Where the seats in a car are so arranged with reference to the guardrails in the open car windows that a passenger's arm would be guarded against projecting outside of the window when placed on the sill, but might readily project outside without the passenger's noticing it when placed on the back of his seat or the one in front of him, and it appears that plaintiff's injury was received when he placed his hand on the seat before him and while it was protruding from 2 to 4 inches, he testifies that he was unconscious that his elbow, which was struck, was projecting, the question of his negligence is for the jury.

4. CARRIERS, § 407*—*what conditions passenger is chargeable with knowledge of.* One who, as a passenger, rides frequently over a certain part of an interurban road is charged with such knowledge of the conditions as an ordinarily prudent man would acquire in so riding.

5. CARRIERS, § 480*—*when negligence in manner of constructing tracks, etc., is question for jury.* In an action by a passenger on defendant's car to recover for injuries to his arm which was struck by another passing car while it was protruding from 2 to 4 inches out of the window, the question of defendant's negligence in the manner in which the tracks were constructed and its road was operated does not raise a scientific question requiring expert evidence,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

but is one to be determined by the jury guided by their common knowledge of human affairs.

6. CARRIERS, § 356*—*when carrier required to guard openings in cars and warn passengers of danger.* Where the proximity of a carrier's tracks is such as to leave a clearance of only 2 to 4 inches between passing cars and such condition has existed a considerable time, it is the carrier's duty to effectually guard openings in its cars and to warn its passengers of the danger.

7. CARRIERS, § 278*—*what is degree of care owing by carrier to passenger.* A carrier of passengers owes to a passenger the duty of exercising the highest degree of care consistent with the character and mode of conveyance and the practical operation of its conveyance to prevent an accident.

8. CARRIERS, § 476*—*when evidence sufficient to warrant finding that carrier was negligent in failing to guard and warn passenger against danger.* In an action by a passenger to recover for personal injuries received by his arm being struck, while protruding from the car window, by a car of defendant passing on a parallel track, where it appears that the clearance between the cars at that part of the track was from 2 to 4 inches, that there were four guardrails in the windows extending up the window about a foot, that the top guardrail was a little below the level of the back of the car seat and that at the time the injury was received, the plaintiff had his hand on the top of the seat in front and turned to speak to someone leaving the car, and, in so doing, unconsciously caused a part of his elbow to protrude slightly beyond the top rail whereupon he was struck by the other car, it was held that such evidence warranted a finding that the defendant was guilty of negligence in failing to guard the passenger against or warn him of the danger of such an injury.

9. CARRIERS, §§ 484, 493*—*when instruction as to care required of passenger and carrier not so misleading as to be ground for reversal.* An instruction, in an action by a passenger to recover for personal injuries, as to the care required of passenger and carrier, while not approved as to form nor sanctioned as a precedent but open to criticism in many respects, *held* not so misleading as to be ground for reversal.

Appeal from the Circuit Court of Winnebago county; the Hon. CLAIRE C. EDWARDS, Judge, presiding. Heard in this court at the April term, 1919. Affirmed. Opinion filed October 14, 1919. Rehearing denied November 21, 1919. *Certiorari* denied by Supreme Court (making opinion final).

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Fisher, North, Welsh & Linscott, for appellant.

Shelby L. Large and William L. Pierce, for appellee.

Mr. Justice Carnes delivered the opinion of the court.

Harry Gilberts, the appellee, was a passenger on an interurban car operated by the appellant railway company from Belvidere to Rockford, Illinois. It was very hot weather in August. The window adjacent to appellee's seat was raised, but there were four guardrails made of half or three-quarter inch round iron about 3 inches apart in the lower part of the opening. The window was 3 feet and 5 inches high, and 2 feet and 2 inches wide. The top guardrail was a foot above the sill leaving 2 feet and 5 inches of window space above the top rail. The back of the seat was a little higher than the top rail. The window was shoved up as far as it would go, leaving an opening above the top rail about 14 by 26 inches. One's arm would easily pass through it, and might readily do so if resting on the back of the seat. After reaching the City of Rockford there was a double track for a considerable distance on which cars passed. They met a car so passing at a place where the distance between the window guards and projections of the other car was, according to appellant's deductions from the measurements, 4 inches; and according to appellee it was, because of a depression in the track, about 2 inches. Appellee and another passenger occupied the same seat, appellee sitting next the window, his hand resting on the sill. The other man got up to leave the car at this point. Appellee partly turned to speak to him, placing his hand on the back of the seat ahead in such a way that the elbow projected through the window opening. The seats were

small, only a little over 2 feet from the back of the seat on which he was sitting to the back of the next front seat. He was unconscious that his elbow was beyond the guardrail, and testified that he did not think it could have been more than 2 inches. Appellant's testimony indicates that it was farther, but there is no doubt that his hand was inside the car, his elbow only outside; and if it projected more than 2 inches it was in danger. It was hit and injured by the passing car. He brought this action to recover for the injury, and had a judgment on a verdict of $2,500. The company prosecutes this appeal.

The main contention is that appellee was guilty of contributory negligence. It is insisted as matter of law that a passenger allowing a part of his body to protrude from a car is negligent *per se* barring a recovery for injuries that would have been avoided had he kept entirely within the car, and as matter of fact that under the circumstances of this case appellee was so clearly negligent in permitting a portion of his arm to protrude from the car that a verdict for the defendant should have been directed. The first contention finds no support in Illinois cases. Even a failure to "look and listen" is not negligence as matter of law. (*Dukeman v. Cleveland, C., C. & St. L. R. Co.*, 237 Ill. 104, 107, and authorities there cited.) Neither is getting off a train in motion. (*Ardison v. Illinois Cent. R. Co.*, 249 Ill. 300.) And it has been expressly decided that allowing a portion of the arm to protrude from a car window is not negligence as matter of law. (*Pell v. Joliet, P. & A. R. Co.*, 238 Ill. 510.) These are all questions of fact to be passed on by the jury, unless there is no evidence tending to show that a person injured was in the exercise of due care and caution, and no fact or circumstance appears from which a reasonable inference of such care and caution may be drawn. (*Devine v. Pfaelzer*, 277 Ill. 255, 258, 16 N. C. C. A. 167.) Cases may and do arise

where the conduct of the plaintiff in any of these respects is so manifestly negligent that there can be no reasonable difference of opinion. As suggested in the *Pell* case, *supra,* if a passenger should have his head or body so far out of the window as to necessarily expose him to danger under the ordinary conditions which he might reasonably expect to exist, all reasonable minds would agree that his negligence contributed to an injury, and it would be the duty of the court to so inform the jury by a peremptory instruction. But this is not one of those cases. There is no dispute about the controlling facts. The seats were arranged along the side of the car facing front, as is usual in that kind of a conveyance. The guardrails at the window tended to protect a passenger if his arm rested on the window sill, but if he placed it on the back of his seat or the one in front of him it might easily project through the open space without his noticing it. It is not claimed that appellee knew the close proximity of passing cars at this point, but it is insisted that he ought to have known it. It is true, that he is charged with such knowledge of the conditions as the ordinarily prudent man would acquire from riding frequently over that part of the road. It was for the jury to say whether the conduct of appellee was that of an ordinarily prudent man in permitting his elbow to get from 2 to 4 inches outside the car window, and their conclusion must control unless it is manifestly against the weight of the evidence. They considered the evidence aided by their common sense and common knowledge of affairs. We do not think the court erred either in submitting the question to the jury or in accepting their finding.

Appellant's counsel say, but do not much argue, that there is not sufficient proof of the defendant's negligence. We do not see any ground for that contention. The manner of constructing the tracks and operating the road here presented does not raise a

scientific question requiring the evidence of experts, but under the authority of numerous Illinois cases is one to be determined by the jury guided by their common knowledge of human affairs. Our Supreme Court in the *Pell* case said, not as a matter of law but as matter of common knowledge: "In the absence of barrier or warning a passenger is not bound to presume that other cars will pass so close as barely to miss the car in which he is riding. There is usually a reasonable space between the passenger car and any structure or passing car." There is no claim that the condition complained of was recent or temporary. It had existed a considerable time and cast a duty on appellant to effectually guard the opening or otherwise warn passengers of the danger. Ordinary prudence would require that, and appellant owed appellee a duty to exercise the highest degree of care consistent with the character and mode of conveyance and the practical operation of its business to prevent an accident. But appellant says the window was guarded by the iron rails, and therefore the case must be distinguished from those where there was no guard or warning. The answer is that it was not sufficiently guarded to reasonably protect the passenger against danger. Had the guardrails been continued to the top of the window there would be more ground for argument that a prudent man would have taken notice of the danger. But this also was a question for the jury, and we do not see how they could have reasonably reached any other conclusion than that the defendant had neglected its duty to the plaintiff in failing to guard or warn him of a danger well known to the carrier and not likely to be known or realized by the passenger.

Complaint is made of the following instructions given at the instance of the appellee:

"The law is that if an ordinarily careful and prudent person situated as plaintiff was in the car in

question just before and at the time of the accident, for his own safety would have conducted himself as plaintiff did as shown by the evidence and would have put his left hand or arm where plaintiff put his, as shown by the evidence; and if an ordinarily prudent and careful person for his own safety, without knowledge or notice that a car was about to pass the car in which he was then riding but going in the opposite direction on a parallel track, would have rested his elbow and arm on the window sill of said car or slightly above said sill or anywhere in the space of the open window so that the elbow projected slightly through the window; and if you believe from the evidence that plaintiff at said time did no less and omitted to do no act or thing for his own safety and to avoid being injured than that an ordinarily prudent and careful person situated as plaintiff then was would have done, then you are instructed that such acts on his part satisfied the rule of law that a person before he can recover for an accident like the one in question, must himself be in the exercise of ordinary care and caution for his own safety. And under the above circumstances if the evidence shows that the plaintiff was injured and damaged by any act or neglect of the defendant company enjoined upon it by law to use the highest degree of care, skill and prudence which human foresight and ingenuity could provide for the safety of the plaintiff, consistent with the ordinary operation of defendant's road, the defendant is liable and you should return a verdict in his favor, and assess his damages, if any, in such amount as you may believe from the evidence he has sustained, not exceeding the sum of $15,000.''

Appellant says there is no evidence that appellee's arm and elbow were on the window sill, or slightly above it, and that his arm protruded slightly; that the instruction is argumentative; that it is equivalent to telling the jury that an ordinarily prudent person would have stuck his arm over the guardrail; that it practically tells the jury appellant is an insurer of ap-

pellee; that the instruction uses the phrase that appellant was required "to use the highest degree of care, skill and prudence which human foresight and ingenuity could provide for the safety of the plaintiff," while "ingenuity" has no proper place in the instruction. It is not proper to tell the jury that though a material fact may exist, it does not show that the plaintiff has not a good case. The instruction assumes that appellee had no knowledge or notice that a car was about to pass, and the instruction ignores the rule requiring appellee to prove his case by the preponderance of the evidence. Appellant does not much argue these objections or point out evidence, lack of evidence, or authorities supporting them.

The instruction is too long and not well worded. It undertook to tell the jury that appellee was only required to exercise the care of an ordinarily prudent man under the same or similar circumstances, and that appellant was required, as said in the *Pell* case, "to exercise the highest degree of care consistent with the character and mode of conveyance and the practical operation of its business to prevent an accident to the plaintiff while riding upon the car." There is unnecessary verbiage. The adjective "careful" is unnecessarily applied to the phrase "prudent man" in describing the standard for the plaintiff; but naturally appellant does not object to that. There is a precedent in *Williamson v. Grand Trunk Western Ry. Co.,* 159 Ill. App. 443, 445, for the use of the word "ingenuity," in stating the standard of care required of the defendant. The subject of care required and liability of carriers in case of personal injuries is treated in 10 Corpus Juris, sec. 1294, and following sections. It is there pointed out that a great variety of expressions have been sanctioned by the courts, and said that "the nature of the business requires the use of a very high degree of care, prudence and foresight." In *Chicago City Ry. Co. v. Shreve,* 226 Ill.

332     APPELLATE COURTS OF ILLINOIS.

Gilberts v. Rockford & Interurban Ry. Co., 215 Ill. App. 324.

530, the court, citing authorities, said the railroad company "was required, in law, to do all that human care, vigilance and foresight could reasonably do, in view of the character and mode of conveyance adopted, consistent with the practical operation of its cars, to safely carry the appellee." We know of no other precedent for the use of the word "ingenuity," but we do not think it possible that it had any effect whatever on the jury other or different than would the use of various authorized expressions meaning, as far as they would understand, practically the same. As to the other objections, there was evidence that appellee's arm was on the window sill just before the accident, and no question that at the time of the accident it was on the back of the front seat and projected from there over the top rail. We do not think the instruction meant or was understood as an argument telling the jury that an ordinarily prudent person would have put his arm over the guardrail. It did not tell the jury that appellant was an insurer; and it is proper to tell the jury, though a fact may exist, it does not defeat a recovery, if such is the law. The instruction does not necessarily assume that appellee had no knowledge or notice that the car was about to pass. It limits any expression of that kind by requiring the jury to further believe that his conduct was that of an ordinarily prudent and careful person; but his own uncontradicted evidence was to the effect that he did not know a car was approaching. While the instruction does not announce the law that the plaintiff was required to prove his case by the preponderance of the evidence, the jury were in other instructions fully informed of that rule. We do not think the instruction should be used by the profession as a precedent. It may be criticized in other respects. All that it undertook to say, and all that it did say of any benefit to appellee, could have been better said with fewer words, but even admitting inaccurate expres-

sions in the instruction, we believe they had no influence on the jury and should not be held reversible error. There is no other complaint as to instructions given or refused, no claim that the judgment is excessive, no claim that the court erred in ruling on evidence. Appellant in the first part of its brief in reciting its reasons for reversing the judgment does not say that the declaration is insufficient, but in its following argument there are. suggestions that it does not clearly charge negligence of the defendant, or aver due care of the plaintiff. There are several counts in the declaration, and we think it so clear that it was sufficient, certainly after verdict, that we need not discuss that point. Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*