**SWIGART v. CHICAGO & N. W. RY. CO.**

**No. 9900.**

United States Court of Appeals,
Seventh Circuit.

Feb. 24, 1950.

Rehearing Denied April 1, 1950.

L. H. Vogel, George C. Bunge, Michael J. Thuma, Robert C. Vogel, Chicago, Ill., for appellant.

Lowell Hastings, Drennan J. Slater, Edward Warden, Chicago, Ill., for appellee.

Before DUFFY, LINDLEY, and SWAIM, Circuit Judges.

DUFFY, Circuit Judge.

Claiming negligence by the defendant in the manner of its operation of a suburban train, plaintiff brought this action to recover damages for personal injuries sustained by him. The jury rendered a verdict favorable to plaintiff. Defendant moved for judgment notwithstanding the verdict. The trial court set aside the verdict of the jury and rendered judgment for defendant, from which judgment plaintiff brings this appeal.

On August 30, 1947, suburban train 468 was made up of a steam locomotive and tender, and three cars. Next to the tender was a combination baggage and passenger car, followed by two regular passenger coaches, each approximately 60 feet long. From Waukegan, Illinois, the train traveled in a southerly direction toward Chicago. The scheduled time for the trip from Waukegan to Lake Forest was 13 minutes, with stops scheduled at North Chicago and Lake Bluff. Plaintiff had traveled the route theretofore and was familiar with the fact that the train would stop at the stations of North Chicago and Lake Bluff before reaching the Lake Forest station. Plaintiff had previously worked for a railroad about twenty years as a train dispatcher and telegrapher, and was familiar with the operation of trains.

Plaintiff boarded the train at Waukegan at about 8:35 P. M. daylight savings time, intending to travel to Lake Forest. He entered the second car from the front of the train, and seated himself in the second seat from the front, on the east side of the

car. He does not recall that there were any other passengers in the car. After leaving Waukegan, a trainman punched his ten-ride commutation ticket. Just what plaintiff did next is somewhat uncertain. In a statement to a police officer given three or four days after the accident, plaintiff stated that he fell asleep, that the jar of the train stopping at Lake Bluff awakened him, that he jumped off the train, walked a couple of steps on the platform, and, then noticing that he was not at Lake Forest, turned around and attempted to board the train. At a pre-trial deposition plaintiff also testified that he fell asleep on the train. However, at the trial he testified that he did not fall asleep. He stated, "When we left Waukegan, my ticket was punched, and I sat there and looked out the window until after we left North Chicago, and I just kind of slipped down in my seat and laid my head back and closed my eyes." Taking the evidence most favorable to the plaintiff, we shall assume the facts in this respect to be as plaintiff testified upon the trial.

Plaintiff testified that he did not hear anyone announce the Lake Bluff station. However, shortly after the train stopped at Lake Bluff plaintiff left his seat, walked to the platform at the front entrance of the car, and then went down the steps onto the station platform, which was to the east side of the railroad track. He did not see any other passenger leaving or boarding the train. Plaintiff claims that the station and platform were not lighted, except for the light coming from the coaches of the train. Plaintiff took at least one or two steps away from the train before he realized he was not at the Lake Forest station. After remaining stationary at the station for at least 30 to 40 seconds, the train started up. Plaintiff turned and faced the train, and waited until the rear end of the coach upon which he had been riding approached him, and, taking a step or two in the direction in which the train was proceeding, attempted to board the train. Plaintiff carried a package in his left hand and a topcoat was draped over his left arm. With his right hand plaintiff took hold of the grab iron on the forward or south side of the steps, and placed his right foot on the lower step. The momentum of the train whirled plaintiff around with sufficient violence that he lost his grip and fell between the platform and the rail, suffering serious injuries as a result.

As grounds of negligence plaintiff claims no member of the train crew announced the station of Lake Bluff, that the station platform at Lake Bluff was insufficiently lighted, that defendant negligently failed to provide a trainman at the entrance of the coach upon which plaintiff was riding. He also claims it was negligence for defendant's trainman to signal for the train to start without observing the plaintiff attempting to board the train. Plaintiff also claims some negligence on the part of the fireman.

Counsel for defendant asserts that the courts of Illinois have consistently held that it is negligence precluding recovery for a person to get on or off a moving train whose motive power is steam, and cites the following cases to support his statement: Illinois Central Railroad Co. v. Cunningham, 102 Ill.App. 206, 217; Illinois Central Railway Co. v. Lutz, 84 Ill. 598, 600; Ohio and Mississippi Railway Co. v. Stratton, 78 Ill. 88, 94; Illinois Central Railway Co. v. Slatton, 54 Ill. 133, 139, 5 Am.Rep. 109; Walthers v. Chicago & Northwestern Railway Co., 72 Ill.App. 354, 362.

An examination of the cases cited, as well as other Illinois decisions, convinces us that the Illinois rule cannot be stated so simply and so absolutely. In each of the Cunningham, Lutz, Stratton and Slatton cases, supra, the passenger was injured while attempting to get off a moving train. In the Walthers case, supra, it was held that attempting to board a moving train without the advice and consent of the employees of the railroad is negligence which will bar recovery.

In Chicago & Northwestern Railway Co. v. Scates, 90 Ill. 586, at page 592, the court placed the leaving of a train in motion and the boarding of a moving train in the same category, saying: "If it is to be regarded dangerous for a passenger to get off a train

of cars in motion, it is likewise dangerous to get on a train when in motion. If a person is guilty of such negligence in getting off a train of cars in motion as will preclude a recovery for an injury received, upon the same principle and for the same reason a person injured in getting on a train of cars in motion, and in consequence thereof, should be regarded guilty of such negligence as will prevent a recovery."

In Chicago, Rock Island and Pacific Railway Co. et al. v. Eininger, 114 Ill. 79, 29 N.E. 196, 197, the court approved the following instructions: "The jury are instructed, as a matter of law, that if, from the evidence, they believe that the injury to the plaintiff was caused by his attempting to climb upon the train in question while the same was in motion, then he is not entitled to recover, and your verdict should be for the defendants."

In Chicago and Alton Railroad Co. v. Gore, 202 Ill. 188, 66 N.E. 1063, 95 Am.St. Rep. 224, the court held that whether a person was negligent in attempting to board a moving train at the invitation of the conductor is a question of fact for the jury. In Baltimore and Ohio Southwestern Railroad Co. v. Mullen, 217 Ill. 203, 75 N. E. 474, 475, 2 L.R.A.,N.S., 115, 3 Ann. Cas. 1015, the court, after referring to the Illinois cases "which seem to hold that it is negligence as matter of law to attempt to alight from the car of a train propelled by steam while it is in motion," concluded that "it is sufficient, for the purposes of the case at bar, to say that, where a passenger alights from a train at a particular point upon the invitation of the conductor, or brakeman, or other employe on board the train, or where such passenger alights from the train under the belief that it is not in motion, and the circumstances show that there is reasonable ground for such belief, then these facts may be taken into consideration by the jury in determining whether the plaintiff has or has not been guilty of contributory negligence."

In Ardison v. Illinois Central Railroad Co., 249 Ill. 300, 94 N.E. 501, involving injuries to a passenger alighting from a moving train, the court held that it was not necessarily negligence *per se* for a passenger on a steam railway train to voluntarily alight while the train was in motion. In that case the passenger was carrying bundles and, thinking that the train had stopped, attempted to alight on a poorly lighted platform. He collided with a station agent who was standing alongside the train, having exchanged letters with the baggageman on the train. The court said: "There is no rule of law in this state that every attempt to get on or off a moving train of cars is negligence *per se*. * * *" The Ardison case was cited with approval in Wood v. Illinois Central Railroad Co., 167 Ill.App. 644, 650, 654, and in Gilberts v. Rockford & Interurban Railway Co., 215 Ill.App. 324, 327.

In Todd v. Louisville & N. R. Co., 274 Ill. 201, 113 N.E. 95, 97, L.R.A.1916F, 543, the court said: "In most jurisdictions the general rule is that it is presumably negligence *per se* for a person to attempt to get on or off a moving train. (Citing.) * * *" The court then cited Illinois cases showing that under certain circumstances the question of negligence should be submitted to the jury. The court then said: "* * * This court has held that, where the carrier's train started at the regular time of starting and had been in proper position to receive passengers a sufficient time to allow all persons who desired to ride to board the train and take seats, a person wishing to be a passenger, who attempted, after the train started, to get on and was injured by reason of the car being in motion, was guilty of such negligence as to preclude recovery. (Citing the Scates, Stratton and Lutz cases, supra, and referring to the Slatton case, supra.)" It should be pointed out, however, that in the Todd case the main controverted question was whether Todd was a passenger. Nevertheless it appears to be the latest case by the Illinois Supreme Court containing a discussion of the rule which we are here considering.

The Illinois rule would, therefore, seem to be that while the boarding of a moving train propelled by steam power is not in all cases negligence *per se*, it is nevertheless the duty of the court to take

the question from the jury where the act is obviously dangerous and without reasonable necessity, real or apparent. 10 Am.Jur., Carriers, § 1509.

In view of our disposition of this case, it is sufficient to say that practically all of the cases cited by plaintiff are clearly distinguishable from the case at bar because here there is no evidence that plaintiff tripped, slipped or stumbled, or was pushed or crowded, or that the train jerked or lurched, or that any train employee invited him to board the train. Furthermore, even assuming that the authorities cited by plaintiff sustained his claims of negligence, there is grave doubt that any such negligence was the proximate cause of plaintiff's injuries.

■ However, we rest this decision on the contributory negligence of the plaintiff. This is not a case where there is any evidence of willful or wanton injury inflicted upon the plaintiff by the defendant, and, therefore, under Illinois law it was incumbent upon the plaintiff to prove that he was in the exercise of ordinary care for his own safety at the time of his injury. Illinois Central R. Co. v. Oswald, 338 Ill. 270, 274, 170 N.E. 247. We think he has wholly failed in this respect.

■ In our opinion plaintiff was negligent as a matter of law, and such negligence proximately contributed to his injuries. He was familiar with the operation of trains. After reaching a place of safety on the station platform, he attempted to board the moving train well knowing its speed had been accelerating the length of a car which was approximately 60 feet. The grip of plaintiff's left hand and the strength of his left arm were not available to assist him, because he was carrying a package in that hand, and had his coat draped over his left arm. After taking hold of the left-hand grab iron with his right hand, it was quite natural that the momentum of the train would swing him around with sufficient violence to break his hold and cause him to fall.

Plaintiff was not forced to elect one of alternative dangers. The only necessity

or inducement for his action was his personal convenience. He undertook to board the moving train, and should have been conscious from his railroading experience of the danger involved. He pursued a reckless course, and unfortunately suffered serious injuries. We think the trial court was correct in granting judgment for the defendant notwithstanding the verdict. Judgment affirmed.